Brooklynn C. Clark
PO Box 6898
Portland, Oregon 97228
C.: 201.923.9617
BrooklynnCharity@gmail.com
     *Pro se*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **BROOKLYNN C. CLARK,** an individual, | |
| Plaintiff, | |
| vs. | Case No.: 3:23-cv-00404-JR |
| **MARQUIS CLINICAL SERVICES, LLC;** | **SECOND AMENDED COMPLAINT** |
| **MARQUIS COMPANIES I, INC.;** | (Employment Discrimination, |
| **MARQUIS COMPANIES II, INC.** | Discrimination in Education, and |
| **MARQUIS COMPANIES; EMILY WALTON;** | Disability Discrimination) |
| **KATY ZAHARTE; MIA YEAGER;** | |
| **JUSTIN MACKEY;** and | |
| **JANE/JOHN DOES 1-10** | |
| Defendants. | |

### NATURE OF THE ACTION

1.     This is an action under Title VII of the Civil Rights Act of 1964, ORS 659A.030, Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act of 1990, to correct unlawful employment and educational practices, to vindicate plaintiff's rights and the rights of other employees to work and students to learn in environments free from unlawful discrimination, and to make plaintiff whole.

///

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331.

3. This Complaint alleges unlawful employment and education practices, as well as, deprivation of rights and privileges afforded by the US Constitution, The Civil Rights Act of 1964, Title IV of the Education Amendments of 1972, and the Americans with Disabilities Act of 1990 committed in the District of Oregon, Portland Division.

4. The Court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. §1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## PARTIES

5. **Plaintiff- Brooklynn Clark (Brooklynn)** is an individual who was and remains a resident of the City of Tigard in Washington County, Oregon.

6. **Defendant(s)- Marquis Clinical Services, LLC; Marquis Companies I, Inc.; and Marquis Companies II, Inc. (Marquis)** are (individually and collectively) a single private company and was at material times Brooklynn's institution of education and employer for purposes of the claims alleged herein.

7. **Defendant- Emily Walton (Emily)** was employed by Marquis as the Education Program Administrator at relevant times acted as the supervisor for Brookynn's

educators/supervisors at Marquis. Her actions aided and abetted Marquis in its violations alleged herein.

8. **Defendant- Katy Zahart (Katy)** was employed by Marquis as Vice President of Talent Management at relevant times acted as decision maker within the human resources department at Marquis. Her actions aided and abetted Marquis in its violations alleged herein.

9. **Defendant- Mia Yeager (Mia)** was employed by Marquis as the clinical instructor at relevant times and she also acted as Brooklynn's supervisor. Her actions aided and abetted Marquis in its violations alleged herein.

10. **Defendant- Justin Mackey (Justin)** was employed by Marquis as a classroom instructor at relevant times and he also acted as Brooklynn's supervisor. His actions aided and abetted Marquis in its violations alleged herein.

11. **Defendant(s)- John/Jane Does 1-10** to be determined.

12. At all material times, defendant Marquis was and is an employer within the meaning of 42 U.S.C. §2000e(b).

## PROCEDURAL REQUIREMENTS

13. Brooklynn timely exhausted her administrative remedies. All attempts at resolution have proven unsuccessful and the plaintiff seeks this Court's assistance.

14. Brooklynn provided notice prior to March 27, 2021 to all defendants of her claims and demands for damages pursuant to ORS 30.275.

## FACTUAL ALLEGATIONS

15. Marquis Companies is a private company that specializes in assisted living and elder care.

16. As part of Marquis Companies normal order of business they educate students in the art of nursing assistance in furtherance of their main business; assisted living and elder care.

17. On or about January 18, 2021, Brooklynn interviewed, was extended, and accepted an offer of employment with Marquis Companies.

18. On Brooklynn's employment application her race, gender, and disability status were disclosed.

19. On or about January 27, 2021, Brooklynn began the certified nurses assistant course at Marquis; and this was a condition of her employment.

20. On or about February 5, 2021, Justin began targeting/harassing Brooklynn in front of the other students/employees for <u>following</u> the current Centers for Disease Control's most up-to-date information as it related to face masks and the covid-19 pandemic.

21. Shortly thereafter, Emily and Brooklynn began email communications regarding the aforementioned.

22. Brooklynn provided Emily with news articles citing Dr. Fauci, the CDC, and the World Health Organization.

24. Furthermore, Brooklynn advised Emily that other students were wearing the face masks of their own choosing; and that David was only harassing/targeting her.

23. On or about February 6, 2021, Emily agreed to allow Brooklynn to wear N95 masks if she would purchase those masks for herself; or in the alternative double surgical masks.

24. On or about February 23, 2021, Mia then began targeting/harassing Brooklynn for wearing her N95 face masks which she purchased for herself as per Emily's instruction.

25. On that same day Mia dismissed Brooklynn from the certified nurses assistant's training program for refusing to remove her N95 mask while standing inside of the nursing home lobby at Marquis.

26. Along with Mia, another Marquis employee (male) also berated Brooklynn for not removing her N95 face mask.

27. Brooklynn had never seen or interacted with this employee before that moment.

28. Shortly thereafter Brooklynn informed Emily about the unfair treatment that she endured due to Mia's words and actions.

29. On or about February 24, 2021, Emily rescinded her permission for Brooklynn to wear her own N95 masks for the remainder of the certified nurses assistants' course.

30. However, in Emily's email to Brooklynn she falsely claimed that Mia requested that Brooklynn exchange her N95 mask for Marquis' N95 mask.

31. In fact, Brooklynn was asked by Mia to replace her N95 mask for a single surgical mask in the lobby of the nursing home; Brooklynn declined.

32. The reasons provided for Brooklynn's termination are pretext for unlawful discrimination, and the Emily Walton emails were an effort to create evidence to support the pretext that Brooklynn allegedly failed to comply with Marquis Company policies was a factor in her termination

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Sex/Gender Discrimination- 42 U.S.C.§2000e-2(a)(1)

33. Plaintiff Brooklynn incorporates by reference the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. Brooklynn is both an African-American and a Transgender woman.

35. Brooklynn's race, gender, departure from gender-based norms, and/or defendants' gender-based stereotyping were motivating factors in defendants' decision to terminate Brooklynn's employment and/or education.

36. Further, the Defendants intentions were purposefully and willfully targeted at Brooklynn in an effort to dishonor, condemn, and present Brooklynn in a false light.

37. Defendants' discrimination against plaintiff in the terms and conditions of employment and its termination of Brooklynn's employment and education due to sex and gender as alleged herein were in violation of 42 U.S.C.§2000e-(a)(1).

38. Plaintiff is entitled to a declaration that defendants acted in violation of the statutory provisions set forth herein and such injunctive relief as the court may direct.

39. As a result of the unlawful action alleged herein, plaintiff has suffered economic damages. Plaintiff is entitled to recover her lost wages and benefits of employment and other economic losses, in such amount as may be found appropriate by a jury at trial.

40. Plaintiff is entitled to be reinstated to her position, or if reinstatement is not feasible, to an appropriate amount in lost future wages and lost earnings capacity.

41. As a further result of defendant's actions alleged herein, plaintiff has suffered non-economic damages, including emotional and mental harm, for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial.

42. Plaintiff is entitled to an award of fees and costs incurred herein, pursuant to one or more of the following: ORS 659A.885; ORS 20.107; 42 U.S.C. §1988(b) and/or 42 U.S.C. §2000e(5)(k).

///

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Sex/Gender Discrimination- ORS 659A.030(1)

43. Plaintiff incorporates by reference the allegations of paragraphs 1 through 42.

44. Defendants' discrimination against plaintiff in the terms and conditions of employment and its termination of Brooklynn's employment and education due to sex and/or gender as alleged herein were in violation of ORS 659A.030.

45. Defendants Justin, Mia, Katy and/or Emily encouraged or counseled other to terminate and/or helped and/or facilitated in bringing about the termination of plaintiff Brooklynn and is liable for damages for aiding and abetting the unlawful employment action taken against plaintiff Brooklynn as alleged herein pursuant to ORS 659A.030(1)(g).

46. Defendants Justin's, Mia's, Katy's, and/or Emily's acts as described herein were done with malice or with reckless indifference to the federally protected rights of plaintiff and/or were in reckless disregard of defendant's societal obligations, and committed with conscious indifference to the health, safety, and welfare of plaintiff. All of the defendants should be assessed punitive damages in such amount as may be appropriate to punish defendants and to deter defendants and others from similar conduct in the future.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Race Discrimination- 42 U.S.C. § 2000e(a)(1)

47. Plaintiff incorporates by reference the allegation of paragraphs 1 through 46 and though fully set forth herein.

48. Plaintiff's race was a motivating factor in defendant's decisions to terminate plaintiff's employment in violation of 42 U.S.C.§2000e-2(a)(1).

///

///

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Race Discrimination-ORS 659A.030(1)

49.    Plaintiff incorporates by reference the allegation of paragraphs 1-48 as though fully set forth herein.

50.    Plaintiff's race was a substantial motivation and determining factor in defendants' decision to terminate her employment in violation of ORS 659A.030.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Race Discrimination- 42 U.S.C.§1981

51.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 50 as though fully set forth herein.

52.    Defendants terminated plaintiff's employment due to her race in violation of the rights of plaintiff afforded to her by the Civil Rights Act of 1866, 42 U.S.C.§1981 in that defendants intentionally deprived Brooklynn of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of plaintiff's contractual employment and/or educational relationship with the defendants.

### SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Disability Discrimination- Section 504 of the Rehabilitation Act of 1973

53.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 52 as though full set forth herein.

54.    Brooklynn's time with Marquis was also during the height of the covid-19 pandemic and when 1st rounds of vaccine were being issued.

55.    Brooklynn did advise Marquis of her disability status and Marquis operates mainly as an elder care facility, so why was Marquis giving Brooklynn so much resistance for wanting to wear double face masks or an N95 face masks given the period of time and the setting?

56. Plaintiff believes that her multiple request asking to be granted permission to wear double face masks or an N95 face mask within the context of an international pandemic amounts to a request for a medically necessary reasonable accommodation!

57. Plaintiff's claim is bolstered by the fact that she did inform her employer that she was and still is a military veteran with disabilities.

58. The defendants considered or should have considered the aforementioned facts prior to imposing any disciplinary actions; up to and, including termination of the plaintiff.

59. The defendants actions were not only hostile, insensitive, and ignorant but they were also in violation of Section 504 of the Rehabilitation Act of 1973.

60. Defendants actions as described herein were done with malice or with reckless indifference to the federally protected rights of plaintiff and/or were in reckless disregard of defendant's societal obligations, and committed with conscious indifference to the health, safety, and welfare of plaintiff.

61. All of the defendants should be assessed punitive damages in such amount as may be appropriate to punish defendants and to deter defendants and others from similar conduct in the future.

**SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
Disability Discrimination- Title II of the Americans with Disabilities Act of 1990

62. Plaintiff incorporates by reference the allegation of paragraphs 1 through 61 and though fully set forth herein.

63.. Plaintiff's disabilities should have been considered as a mitigating factor when considering the necessity of the <u>medically necessary</u> reasonable accommodation request as outlined in Title II of the Americans with Disabilities Act of 1990.

///

9

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff request the Court to:

1. Declart defendants in violation of the statues set forth in each claim and order such injunctive relief in favor of plaintiff as the Court deems appropriate;

2. Order defendants to compensate plaintiff in such sums as the Court deems appropriate in each claim for relief;

3. Assess against all defendants punitive damages in a amount sufficient to deter such defendant and others from similar conduct in the future;

4. Order defendant to pay prejudgment and postjudgment interest on all amounts due to plaintiff as a result of this action where appropriate;

5. Award plaintiff attorney fees, costs, and expenses of suit; and

6. Order such further or alternative relief in favor of plaintiff as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

_____
Brooklynn C. Clark, *Pro Se*